**WEST COAST FRANCHISING COMPANY**

v.

**WCV CORPORATION and Stanley Galperin**

v.

**West Coast Franchising Company, Ralph W. Standley III, T. Kyle Standley, Donald Weiss, and Kenneth Graffeo.**

Civil Action No. 98–385.

United States District Court,
E.D. Pennsylvania.

Dec. 9, 1998.

dence, Plaintiff could possibly have overcome summary judgment.

Benjamin A. Levin, Richard S. Morrison, Levin & Hluchan, P.C., Voorhees, NJ, for West Coast Franchising Company, Plaintiff.

Michael G. Trachtman, Ethan N. Halberstadt, Powell, Trachtman, Logan & Carrle, King of Prussia, PA, Charles V. Curley, Powell, Trachtman, Logan, Carrle, Bowman & Lombardo, King of Prussia, PA, for WCV Corporation, Stanley Galperin, Defendants.

Richard S. Morrison, Levin & Hluchan, P.C., Voorhees, NJ, for Ralph W. Standley, III, T. Kyle Standley, Donald Weiss, Kenneth Graffeo, Counter–Defendants.

### MEMORANDUM/ORDER

LOUIS H. POLLAK, District Judge.

West Coast Franchising Company ["West Coast"], a franchisor, initiated this diversity action against WCV Corporation and its owner Stanley Galperin ["WCV"], a franchisee operating four franchised video stores. WCV responded with an answer and several counterclaims against both West Coast and several officers of West Coast ["individual counterclaim defendants"]. Presently before this court is a motion by West Coast and the individual counterclaim defendants [together, "the counterclaim defendants"] to dismiss certain of WCV's counterclaims. Pursuant to Fed. R. Civ. Pro. 12(b)(6), the counterclaim defendants seek: to dismiss in part counts two and three, which allege violations of the Racketeer Influenced and Corrupt Organizations Act ["RICO"], 18 U.S.C.1962(c); to dismiss count seven, which alleges commission of common law tortious interference with contract; to dismiss count eight, which alleges commission of common law prima facie tort; and to dismiss count nine, which alleges violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. § 201–1 *et seq* ["PUTPL"]. The parties agree that Pennsylvania law governs counts seven, eight, and nine.

Counterclaim defendants claim that WCV's counterclaims two and three—which allege violations of RICO—must be dismissed insofar as they allege claims not just against the individual counterclaim defendants, but also against West Coast.[1] WCV does not disagree, but asserts that counterclaims two and three are directed at only the individual counterclaim defendants. The language of counterclaims two and three is somewhat unclear, and may be read to be directed

---

1. 18 U.S.C. § 1962(c) makes it "unlawful for any person employed by or associated with any enterprise ... to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering ...." The Third Circuit has held that the "person" identified in § 1962(c) must be distinct from the "enterprise." *See Jaguar Cars Inc. v. Royal Oaks Motor Car Company, Inc.,* 46 F.3d 258 (3d Cir. 1995). Because WCV has identified West Coast as the "enterprise," a valid claim could not also describe West Coast as the "person."

either at the individual counterclaim defendants or at both West Coast and the individual counterclaim defendants. Construing counterclaims two and three to be directed at both West Coast and the individual counterclaim defendants, the counterclaims fail to state a claim upon which relief can be granted with respect to West Coast, but do state a claim upon which relief can be granted with respect to the individual counterclaim defendants.

Counterclaim defendants argue that counterclaim seven should be dismissed because WCV failed to allege necessary elements of the claim of tortious interference with contract. Counterclaim defendants find two faults in the allegations. First, they suggest that contractual breaches that affect a contracting party's relationship with its customers "cannot form the basis of a claim for tortious interference." Counterclaim defendants quote *Chrysler Credit Corp. v. B.J.M., Jr., Inc.*, 834 F.Supp. 813 (E.D.Pa. 1993), which states that "[w]here a defendant's breach of his contract with the plaintiff has only an incidental consequence of affecting plaintiff's business relationships with third persons, an action lies only in contract . . . ." They omit to include the prior sentence, however, which prefaces the above with the observation that "the gist of tortious interference with a business relationship is the intent to destroy plaintiff's good will and reputation." *Id.* If *Chrysler Credit Corp.* may be read to distinguish between significant and incidental damages, WCV has clearly alleged the former. Counterclaim defendants argue next that, insofar as the seventh counterclaim may be read to refer to interference with future (not existing) contracts, WCV has not met its burden of pleading the four elements necessary under Pennsylvania law: a prospective contractual relation, intent to harm by preventing the relation, absence of defendant's privilege or justification so to harm, and actual damage. I disagree. In its lengthy factual predicate to the counterclaims—incorporated by reference into the seventh counterclaim—WCV has alleged interference with prospective contracts with present and future customers, the counterclaim defendants' intent to harm WCV, a lack of justification or privilege, and actual dam-

age. Counterclaim seven thus states a claim upon which relief can be granted.

Counterclaim defendants assert that defendants' counterclaim eight should be dismissed because Pennsylvania does not recognize a cause of action for prima facie tort. Neither the Third Circuit nor the Pennsylvania Supreme Court has spoken to this issue. Where there is no binding precedent on an issue of state law, a federal district court sitting in diversity must predict how the state's highest court would rule. How the Pennsylvania Supreme Court is likely to rule on the question has been thoroughly considered by my colleague in *Charles Shaid of Pennsylvania v. George Hyman Const. Co.*, 947 F.Supp. 844 (E.D.Pa.1996). I agree with Judge Robreno's prediction that the Pennsylvania Supreme Court will probably not recognize a cause of action for prima facie tort. Accordingly, counterclaim eight fails to state a claim upon which relief can be granted.

In counterclaim nine, WCV alleges that counterclaim defendants violated the PUTPL. Counterclaim defendants claim that WCV does not have standing under the PUTPL § 201–9.2, which authorizes suit by "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property . . . ." WCV does not claim that its franchises constitute "goods or services primarily for personal, family or household purposes." It therefore does not have standing to bring a claim under the PUTPL. *See also Zerpol Corp. v. DMP Corp.*, 561 F.Supp. 404, 415 (E.D.Pa.1983). Counterclaim nine therefore fails to state a claim upon which relief can be granted.

For the reasons set forth above, counterclaims two and three are DISMISSED as to West Coast but not the individual counterclaim defendants, and counterclaims eight and nine are DISMISSED in their entirety.